(No. 2967—

GENERAL COURT REPORTING SERVICE, INC., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 3, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The House of Representatives of the 59th General Assembly adopted a resolution known as House Resolution No. 38, which provided, among other things, as follows:

That a committee of five members of the House of Representatives be appointed by the Speaker to investigate the production, distribution and sale of milk and other dairy products; that said Committee be authorized to subpoena witnesses and to take their testimony; that the necessary expenses of the Committee be paid from the appropriation made for Committee Expenses of the House of Representatives of the 59th General Assembly.

Such Committee was duly appointed, and Hon. Michael F. Hennebery was named Chairman thereof. At the request of such Chairman, the claimant rendered services in taking and transcribing the testimony of witnesses at the hearings held by said Committee in Chicago and Elgin, on May 20th, 24th and 31st, and June 3d, 6th, and 17th, 1935.

Claimant duly presented to the Chairman of said Commission an itemized statement for the services rendered, in the total amount of $572.68. However, said Chairman became ill and died without approving said bill, and the same was not approved and placed in line for payment before the lapse of the appropriation out of which the same should have been paid. Said appropriation lapsed on September 30th, 1935 and at that time there remained therein an unexpended balance of $9,368.36.

From the facts in the record it satisfactorily appears that the Committee was authorized to contract for the services in question; that the services were actually rendered, and that the charges made therefor are the usual, ordinary and reasonable charges for such services.

Claimant acted promptly in presenting its claim, and the only reason the same was not approved and paid in due course was the death of the Chairman of the Committee to whom the bill had been presented. Under the facts presented, there is no reason why the claim should not be allowed.

Award is therefore entered in favor of the claimant for the sum of Five Hundred Seventy-Two Dollars and Sixty-Eight Cents ($572.68.)